**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheila Roundtree; and Major Walters,<br><br>    Plaintiffs,<br><br>vs.<br><br>Atlantic Development and Investment; Gerald Bisgrove; Greater Phoenix Urban League; George Dean; Paradise Palms Community Housing L.P., Mark Breen, Paradise Palms Multi-Housing L.P. I & II; Brad H. Davis; WRMC, Inc.; Richman Property Services; Lucy Ramirez; US Collections West, Inc.; Donald Darnell; and Alan H. Zimmerman Esq.,<br><br>    Defendants. | No. CV-09-269-PHX-DGC<br><br>**ORDER** |

Sheila Roundtree and two of her children, Cyera Roundtree and Major Walters, lived at Paradise Palms apartments located in Phoenix, Arizona. On July 1, 2007, Roundtree informed Paradise Palms that she did not intend to renew her lease and would vacate her apartment at the end of the month. Roundtree and Walters applied for a lease at Indigo Palms apartments. At the request of Indigo Palms, Lucy Ramirez, the property manager for Paradise Palms, completed a residential verification form in which she stated that Roundtree had been sent to court every month, did not pay her rent for July, and had caused problems in connection with her move-out. Indigo Palms denied Roundtree and Walter's lease application. Roundtree subsequently received a bill from Paradise Palms for more than $2,000 for alleged cleaning and repair charges.

Roundtree and Walters commenced this action on February 10, 2009. Dkt. #1. Plaintiffs allege that the statements made by Ramirez in the residential verification form are false, that they led to the denial of Plaintiffs' application for a lease at Indigo Palms, and that as a result of not getting that lease Plaintiffs suffered extreme financial and emotional hardship. Dkt. #7 ¶¶ 22-48. Plaintiffs further allege that the purported cleaning and repair charges were fabricated by Paradise Palms as evidenced by forged documents, outdated records, fake invoices, and the dismissal of the state court lawsuit brought to collect the alleged debt. *Id.* ¶¶ 57-69. Plaintiffs' amended complaint asserts various state law claims against the purported owners of Paradise Palms, certain principals and employees of those entities, and associated companies: Atlantic Development and Investment ("ADI"), Paradise Palms Community Housing L.P., Paradise Palms Multi-Housing L.P. I & II, Greater Phoenix Urban League, Gerald Bisgrove, George Dean, Mark Breen, Brad Davis, Lucy Ramirez, WRMC, Inc., and Richman Property Services (collectively, "ADI Defendants"). The complaint also asserts a federal claim under the Fair Debt Collections Practices Act ("FDCPA") against those retained to collect the alleged debt owed to Paradise Palms: US Collections West, Inc., its president, Donald Darnell, and attorney Alan Zimmerman (collectively, "Collection Defendants"). *Id.* ¶¶ 49-55, 78; *see* Dkt. #40 ¶¶ 18-19. Plaintiffs seek actual and statutory damages under the FDCPA and compensatory and punitive damages for the state common law claims. *Id.* at 17, ¶¶ d, g.

The ADI Defendants have filed motions to dismiss. Dkt. ##23, 32, 41. Plaintiffs have filed a host of motions. Dkt. ##27, 28, 31, 37, 38, 39, 43, 51, 52. The Court will address each motion.[1]

**I.     ADI Defendants' Motions to Dismiss.**

Plaintiffs assert federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the FDCPA, 15 U.S.C. § 1692. Dkt. #7 ¶ 2. The ADI Defendants correctly note that the FDCPA

---

[1] The requests for oral argument are denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

- 2 -

claim – the only federal claim asserted in the complaint – does not apply to them. *See id.* ¶ 78. The ADI Defendants argue that original subject matter jurisdiction does not exist with respect to the state law claims and the Court should decline to exercise pendent jurisdiction over those claims. *See* Dkt. ##23, 32, 41.

"Under 28 U.S.C. § 1367(a), if a federal court has original jurisdiction over a civil action, it may exercise supplemental jurisdiction over state law claims that 'are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy[.]'" *Savage v. Glendale Union High School*, 343 F.3d 1036, 1051 (9th Cir. 2003); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Where the "same case or controversy" requirement of § 1367(a) is satisfied, the exercise of supplemental jurisdiction is usually mandatory unless one of the exceptions set forth in § 1367(c) applies. *See Executive Software N. Am., Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Under § 1367(c), a court may decline to exercise supplemental jurisdiction over related state claims if (1) the claims raise novel or complex issues of state law, (2) the claims substantially predominate over the federal claim, (3) the federal claim has been dismissed, or (4) there are other compelling reasons for declining jurisdiction.

The Court concludes that even if the state claims are closely related to the FDCPA claim for purposes of § 1367(a) (*see* Dkt. #40 ¶ 49), supplemental jurisdiction should not be exercised under § 1367(c)(1) and (2) because the state claims raise complex issues of state law and substantially predominate over the FDCPA claim in terms of proof, the scope of the issues raised, and the type and amount of available damages. Plaintiffs assert a total of six claims, five of which are state common law claims asserted against the ADI Defendants: false light, defamation, tortious interference, harassment, and intentional infliction of emotional distress. Dkt. #7 ¶¶ 75-77, 79-81. Those claims involve numerous different elements and likely will lead to the assertion of various defenses unique to Arizona law. *See, e.g.*, *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781 (Ariz. 1989) (false light); *Turner*

1  *v. Devlin*, 848 P.2d 286 (Ariz. 1993) (defamation); *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025 (Ariz. 1985) (tortious interference); *Lucchesi v. Stimmell*, 716 P.2d 1013 (Ariz. 1986) (intentional infliction of emotional distress). The FDCPA claim, by contrast, focuses on a narrow realm of facts concerning the use of abusive, deceptive and/or unfair debt collection practices by the Collection Defendants. *See* Dkt. #7 ¶¶ 49-55, 78; 15 U.S.C. § 1692 et seq. Plaintiffs may recover punitive damages for their common law claims upon a showing of "malice," *see Rawlings v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986), but "punitive damages are not recoverable under the FDCPA." *Wood v. Midland Credit Mgmt., Inc.*, No. CV 053881 FMCMANX, 2005 WL 3159639, at *5 (C.D. Cal. July 29, 2005); *see Catalfamo v. Countrywide Home Loan*, No. CV F 08-117 LJO TAG, 2008 WL 4158432, at *5 (E.D. Cal. Sept. 4, 2008); 15 U.S.C. § 1692k. Plaintiffs' "state law claims would substantially expand the scope of this case beyond that necessary and relevant to the federal claims under the FDCPA." *Johnson v. Advantage Sales & Mktg., LLC*, No. 06-11641, 2006 WL 1007606, at *3 (E.D. Mich. Apr. 18, 2006).

The Court is mindful that the exercise of supplemental jurisdiction may serve the values of judicial economy and convenience to Plaintiffs, *see Executive Software*, 24 F.3d at 1556, but these values are outweighed by the interests of comity and federalism, as well as avoidance of juror confusion caused by litigating the state claims and the FDCPA claim together. *See Richard v. Oak Tree Group, Inc.*, 614 F. Supp. 2d 814, 825 (W.D. Mich. 2008) (declining to exercise supplemental jurisdiction over state claims related to FDCPA claim based on the interest of comity); *Mitchell v. Allied Interstate, Inc.*, No. 06-14296, 2006 WL 3345152, at *2 (E.D. Nov. 17, 2006) (contemporaneous presentation of state claims and related FDCPA claim would "result in undue confusion of the jury"); *Johnson*, 2006 WL 1007606, at *2 (economy and convenience of entertaining supplemental state claims are often "offset by the problems they create"). Pursuant to § 1367(c)(1) and (2), the Court declines to exercise supplemental jurisdiction over Plaintiffs' state claims. The Court accordingly will grant the ADI Defendants' motions and dismiss the state claims without prejudice. *See Johnson*, 2006 WL 1007606, at *3; *Mitchell*, 2006 WL 3345152, at *2;

*LeBlanc v. Advance Credit Corp.*, No. 8:06CV747 T27EAJ, 2007 WL 141173, at *5 (M.D. Fla. Jan. 16, 2007) (state claims substantially predominated where FDCPA claim was asserted against only two of the six defendants); *Cole v. Toll*, No. 07-0590, 2007 WL 4105382, at *8 (E.D. Pa. Nov. 16, 2007) (dismissing state claims with respect to certain defendants where the related FDCPA claim did not apply to them); *Semi-Tech Litig. LLC v. Bankers Trust Co.*, 234 F. Supp. 2d 297, 300-01 (S.D.N.Y. 2002) (declining supplemental jurisdiction where the factual and legal questions unique to the common law claims against the moving defendants overwhelmed any questions common to the federal claims asserted against another defendant); *see also San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 478-79 (9th Cir. 1998) (district court did not abuse its discretion in dismissing state claims under § 1367(c)(2)).

Plaintiffs will not be unduly prejudiced by the dismissal of the state claims given that this case is in its early stages and, to the extent the state law claims were brought within the applicable limitations period, they may be re-filed in state court within six months of the date of this order pursuant to Arizona's savings statute, A.R.S. § 12-504. *See* 28 U.S.C. § 1367(d) (limitations period for dismissed claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period"); *Ochser v. Maricopa County*, No. CIV 05-2060 PHX RCB, 2007 WL 1577910, at *3 n.1 (D. Ariz. May 31, 2007).

**II.     Plaintiffs' Motions to Amend Complaint.**

Plaintiffs have filed motions to amend the complaint. Dkt. ##28, 39. Plaintiffs argue that leave to amend should be granted because the jurisdictional deficiency in the first amended complaint can be cured through the assertion of supplemental jurisdiction under 28 U.S.C. § 1367. Dkt. ##28 ¶ 10, 39 ¶ 8; *see* Dkt. #40 ¶ 2. Because the Court declines to exercise supplemental jurisdiction, the motions to amend will denied as moot.

**III.    Plaintiffs' Motions Relating to Service.**

Plaintiffs have filed a motion for an extension of time to serve (Dkt. #37) and motions for leave to serve through alternative means (Dkt. ##38, 43). The Court will deny the

1 motions as moot with respect to the unserved ADI Defendants (Bisgrove, Dean, Ramirez, and WRMC, Inc.).

With respect to Defendant Darnell, the record reflects that Plaintiffs attempted to serve Darnell (and US Collections West) on April 22, 2009 by leaving a summons and the complaint with the purported statutory agent, Kay Kasey. Dkt. #8; *see* Dkt. #11. Ms. Kasey apparently is not the statutory agent of US Collections West nor is she authorized to accept service on behalf of Darnell individually. *See* Dkt. #37 at 11-14. Because Plaintiffs' good faith effort to effect service on Defendant Darnell proved unsuccessful, the Court will grant Plaintiffs until **August 21, 2009** to serve Darnell. Plaintiffs do not seek an extension to serve US Collections West.

The Court will deny the motions for alternate service. If Plaintiffs are unable, despite diligent efforts, to serve Darnell pursuant to the Federal Rules of Civil Procedure (through waiver of service or otherwise), Plaintiffs may request service by the United States Marshal's Office. *See* Dkt. ##38, 43 ¶¶ 4-5; *see also* Dkt. ##3, 4, 5.

### IV. Plaintiffs' Motion for Default Judgment.

Plaintiffs seek default judgment against Defendant US Collections West pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Dkt. #31. Where a defendant's default has been properly entered under Rule 55(a), the district court has discretion to grant default judgment against the defendant pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors to be considered in deciding whether to grant default judgment include the possibility of prejudice to the plaintiffs, the merits of the claims, the sufficiency of the complaint, the amount of money at stake, the possibility of a dispute concerning material facts, whether default was due to excusable neglect, and the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiffs assert in their motion that the *Eitel* factors favor default judgment (*see* Dkt. #31 at 6), but do not explain why. Moreover, although default has been entered against US Collections West (Dkt. #42), it is not clear from the record that service was proper. *See*

1 Dkt. #31 at 2 & n.1; Dkt. #37 at 11-14. The Court will deny the motion for default judgment
2 without prejudice.

## V. Plaintiffs' Motion to Strike.

Plaintiffs have filed a motion to strike the affirmative defenses asserted in Defendant Zimmerman's answer to the amended complaint. Dkt. #27; *see* Dkt. #21. Plaintiffs contend that the answer fails to give Plaintiffs fair notice of the basis for the affirmative defenses. *See id.* The Court agrees with Defendant that the motion is premature given that no discovery has been conducted. *See* Dkt. #34. The Court will deny Plaintiffs' motion without prejudice.

## VI. Plaintiffs' Motions to Allow Electronic Filing.

Plaintiffs seek permission to electronically file and serve documents in this case. Dkt. ##51, 52. The motions will be denied because the Court's policy is to require pro se litigants to submit documents in paper form so that the Clerk's Office can ensure that the documents are properly filed.

**IT IS ORDERED:**

1. The ADI Defendants' motions to dismiss (Dkt. ##23, 32, 41) are **granted**. The state law claims asserted against the ADI Defendants (Dkt. #7 ¶¶ 75-77, 79-81) are **dismissed** without prejudice.
2. Plaintiffs' motions to amend complaint (Dkt. ##28, 39) are **denied** as moot.
3. Plaintiffs' motion for extension of time to serve (Dkt. #37) is **denied in part** and **granted in part**. The motion is denied as moot with respect to the ADI Defendants and granted with respect to Defendant Donald Darnell. Plaintiffs have until **August 14, 2009** to complete service.
4. Plaintiffs' motions for alternate service (Dkt. ##38, 43) are **denied** without prejudice.
5. Plaintiffs' motion for default judgment (Dkt. #31) is **denied** without prejudice.
6. Plaintiffs' motion to strike (Dkt. #27) is **denied** without prejudice.

7. Plaintiffs' motions to allow electronic filing (Dkt. #51, 52) are **denied**.

DATED this 15th day of July, 2009.

_____
David G. Campbell
United States District Judge